UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LAURA SENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09-cv-1063 (TSE/IDD) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION OF THE DEFENDANTS COUNTY OF ARLINGTON AND
ARLINGTON POLICE DEPARTMENT TO DISMISS COUNTS II-IV OF THE
AMENDED COMPLAINT**

The defendant, County of Arlington and Arlington Police Department[1], by counsel, files this memorandum in support of its Motion to Dismiss Counts II-IV of the Amended Complaint.

The defendant County of Arlington files its Motion to Dismiss Counts II and III because: 1) the County cannot be held liable for the actions of a Virginia magistrate, who is not appointed or controlled by the County; 2) the only facts alleged regarding the obtaining of the search warrant are that it was obtained by a Prince William County police officer, not any Arlington employee and therefore any supposed Arlington County policy could not have been the "moving force" behind the procurement of the warrant; and 3) the Amended Complaint does not contain sufficient factual allegations to properly allege the existence of any unconstitutional Arlington County policy or practice. The County moves to dismiss Count IV as it is barred by the

---

[1] In her original Complaint, the Plaintiff included the Arlington Police Department as a separate defendant. In her Amended Complaint, the Plaintiff no longer lists the Arlington Police Department as a defendant; however, no order dismissing the Police Department has been entered. Plaintiff's counsel has advised that she will prepare an agreed order dismissing the Arlington Police Department. The Arlington Police Department is included as a movant herein out of an abundance of precaution.

County's sovereign immunity and due to Plaintiff's failure to comply with mandatory, jurisdictional prerequisites to suit.

**I. BACKGROUND**

On April 12, 2008, the Plaintiff attended and photographed what the Complaint terms a "protest" of a meeting of the International Monetary Fund in Washington, D.C. Amended Complaint, ¶ 25. This "protest" consisted of approximately sixteen people, wearing masks, black hooded jackets and sunglasses storming the lobby of the Four Seasons Hotel in Washington, D.C. at 2:30 a.m., throwing firecrackers and other smoke-generating devices into the lobby, hurling paint-filled balloons at sculptures and statues in the lobby, and shattering a large glass window before fleeing. The damage has been estimated at over $200,000.00. Amended Complaint, Exhibit B, p. 1.

The Amended Complaint alleges that Defendant Vincent Antignano, a Prince William County Police Department detective who was assigned to the Federal Bureau of Investigation's Joint Terrorism Task Force as a Special Deputy United States Marshal, obtained a search warrant for Plaintiff's home from an Arlington County Magistrate. Amended Complaint, ¶ 27. The search warrant, attached to the Amended Complaint as Exhibit A, indicates on its face that it was issued based on statements in Detective Antignano's affidavit, which is Exhibit B to the Amended Complaint. There are no allegations that any Arlington County employee had any involvement in the procurement of the search warrant.[2] It is only alleged that the Defendant

---

[2] While the only factual allegation in the Amended Complaint regarding the issuance or the procurement of the search warrant was that it was obtained by Detective Antignano, there is a generalized and contradictory allegation that the "defendants" submitted the application for the search warrant. Amended Complaint, ¶ 46. Such allegations are deficient. See Robbins v. State of Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of the individuals to ascertain what particular unconstitutional acts they are alleged to have committed); Brooks v. Ross, 578 F.3d 574, 580-82 (7th Cir. 2009) (affirming dismissal of complaint that used vague phrasing that "one or more of the Defendants" engaged in certain acts without connecting specific defendant(s) to illegal acts, as such does not put defendants on notice of what

2

Bryk, an Arlington County detective, and other unknown Arlington employees, participated in the subsequent execution of the search warrant. Amended Complaint, ¶ 35, 78-80. The Amended Complaint does allege, incorrectly, that "Defendant Arlington County issued the warrant..." Amended Complaint, ¶ 56. As described below, the Magistrate who authorized the warrant is not appointed, employed, or controlled by Arlington County.

The Plaintiff asserts that the search of her home pursuant to the search warrant violated the Privacy Protection Act (42 U.S.C. § 2000aa) (Count I), the First and Fourth Amendments to the U.S. Constitution (42 U.S.C. § 1983) (Counts II and III), and lastly constituted the intentional infliction of emotional distress (Count IV).

As regards the Defendant County of Arlington, Counts II and III include the same "policy" allegation, apparently based, at least in part, on the Plaintiff's mistaken belief that Arlington County is responsible for or has control over Virginia magistrates:

> The violation of Sennett's Fourth Amendment rights by Defendants Bryk and the John and the John and Jane Doe defendants employed by Arlington County was a result of the affirmative policies of the Arlington Police Department, or its failure to adequately provide polices (sic) and procedures. This includes, but is not limited to a policy of <u>rubber-stamping warrant requests</u> and a policy of utilizing affidavits that omit material facts in order to obtain search warrants. It also includes, but is not limited to, a policy not to require proper inquiry in to requests for search warrants and their supporting affidavits, and failure to have a policy requiring that affidavits supporting search warrants include all material facts.

Amended Complaint, ¶ 85 (Count II) (emphasis added). An identical allegation is made with regard to the First Amendment (Count III) at ¶ 102. As will be discussed below, Arlington County is not responsible for the actions of Virginia magistrates and had no role in the procurement of the search warrant. Further, since there are no facts pled that Arlington County

---

exactly they might have done to violate plaintiff's rights), Price v. Heyrman, 2009 U.S. Dist. LEXIS 97222, p. 2 (E.D. Wisc. 2009) (dismissing complaint that provides no detail as to what each defendant named is alleged to have done to bring about the deprivation of plaintiff's rights). Given the insufficiency of such allegations, the County motion is directed to the specific allegations regarding the procurement of the search warrant.

obtained the search warrant, such alleged authority over the magistrate would be irrelevant anyway. Finally there are no facts pled to support any claim against the County under Counts II and III.

Count IV is a state common law claim that Arlington County is liable for the actions of its employees under the doctrine of respondeat superior. However, as will be discussed below, the County is not responsible under Virginia law for the actions of its employees and has sovereign immunity to the claim. Additionally, the Plaintiff did not comply with mandatory, jurisdictional prerequisites to filing suit against the County.

**II. ARGUMENT**

Dismissal pursuant to Rule 12(b)(6) must be granted unless the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (in order to survive a motion to dismiss, a complaint must contain more than "an unadorned, the defendant-unlawfully-harmed-me accusation.")) Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do, and the Court is not bound to accept as true a legal conclusion couched as a factual allegation. Iqbal, 129 S. Ct. at 1949-50.

**A. The County Cannot be Held Liable for the Actions of a Virginia Magistrate, the Allegations of Policy Are Insufficient under Rule 8(a)(2) and Counts II and III Should Be Dismissed.**

As described below: 1) the County cannot be held liable for the actions of a Virginia magistrate, who is not appointed or controlled by the County; 2) the only facts alleged regarding the obtaining of the search warrant are that it was obtained by a Prince William County police

officer, not any Arlington employee, and therefore any supposed Arlington County policy could not have been the "moving force" behind the procurement of the warrant; and 3) the Amended Complaint does not contain sufficient factual allegations to properly allege the existence of any unconstitutional Arlington County policy or practice.

In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court held that a municipality could only be held liable under §1983 where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under §1983. Id. at 694, 98 S. Ct. at 2037-38. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under §1983." City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989). A single incident cannot establish the existence of a policy or custom. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985). The plaintiff must plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the constitutional deprivation. Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999).

The plaintiff must establish both the causal link ("moving force") and the County's degree of culpability ("deliberate indifference"). These requirements must not be diluted, for "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." Bd. of Cty. Comm. of Bryan County, Okla. v. Brown, 520 U.S. 397, 415, 117 S. Ct. 1382, 1394 (1997); Carter v. Morris, 164 F.3d 215 (4th Cir. 1999).

An official policy refers to formal rules or understandings that are intended to establish fixed plans of action to be followed under similar circumstances, consistently and over time.

They must be contrasted with episodic exercises of discretion in the operational details of government. Semple, supra, 195 F.3d at 712. The actions of police officers in exercising their own discretion in applying various statutes, regulations, and policies do not establish a municipal policy. Id.

Custom may be found in omissions on the part of policy-making officials that manifest deliberate indifference to the rights of citizens, City of Canton, supra, 489 U.S. at 389, 109 S. Ct. at 1205. A "custom" requires a persistent, widespread practice of constitutional deprivations. Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000). A meager history of isolated incidents does not establish a custom. Carter, supra, at 220.

The Amended Complaint fails to properly plead any such policy or practice by Arlington County. **First**, Virginia Magistrates are appointed by the Executive Secretary of the Supreme Court of Virginia, in consultation with the Chief Judge of the local Circuit Court. The Executive Secretary has full supervisory authority over the magistrates appointed. Virginia Code § 19.2-35. The County has no control over the actions of Virginia magistrates. See Shirley v. Drake, No. 98-1750 slip op., p. 5 (4th Cir. 1999) (Arlington County not responsible for protective order entered in Arlington Juvenile and Domestic Relations Court, as that Court is a court of the Commonwealth of Virginia, not of Arlington County). A copy of the opinion is attached as Exhibit 1.

**Second**, even if the County had the policy alleged by the Plaintiff in paragraphs 85 and 102, no policy is alleged to have been causally related to the issuance of the search warrant. The only facts alleged regarding the issuance of the search warrant were that it was obtained by Defendant Vincent Antignano, who it is alleged was acting either as a Prince William County police officer or a federally deputized agent. Amended Complaint, ¶ 16. As there are no

6

allegations that any Arlington County employee had any role in seeking or obtaining the search warrant, any alleged Arlington County policy could not be the "moving force" of the alleged Constitutional violation.

**Finally**, even if Arlington County employees were involved in obtaining the search warrant, the Amended Complaint fails to allege sufficient facts to plausibly establish the existence of the supposed policy alleged, or any other unconstitutional policy or practice. The Amended Complaint makes no allegations of any other similar incidents, much less sufficient allegations of other incidents to support a claim of a "widespread practice." Mere conclusory allegations of a policy or practice are insufficient; the Plaintiff must allege specific factual support to show the existence of a pattern. McCray v. City of New York, 2007 U.S. Dist. LEXIS 90875, pp. 91-93 (S.D. N.Y. 2007). See Iqbal, 129 S. Ct. at 1949 (concluding that Plaintiff failed to adequately plead a Monell claim because it was "[c]ritically lacking … any support for the proposition that [the officer's] common practice implemented an official government policy or custom); Williams v. City of Cleveland, 2009 U.S. Dist. LEXIS 61346, p. 12 (E.D. Ohio 2009) (not sufficient to merely allege that the County has a policy; the Plaintiff must allege facts, which if true, demonstrate the County's policy, such as examples of past situations from which it can be inferred that the conduct is recurring or due to County policy).[3]

B. **Count IV is Barred by the County's Sovereign Immunity and the Plaintiff's Failure to Allege Compliance with Virginia Code § 15.2-1248.**

Count IV, Plaintiff's state law claim of intentional infliction of emotional distress, is barred by the County's sovereign immunity. Mann v. Arlington County Board, 199 Va. 169, 98

---

[3] The Defendant Arlington County Police Department is not a legal entity capable of being sued and should be dismissed. Estate of Kennith Lee v. Arlington County, 2000 U.S. Dist. LEXIS 10822 (E.D. Va. Jan. 14, 2000). See also Mobley v. City of Chesapeake, Virginia, 2006 U.S. Dist. LEXIS 95998 (E.D. Va. Aug. 30, 2006, aff'd 223 Fed. Appx. 200 (4th Cir. 2007)); Hearn v. Hudson, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982).

7

S.E.2d 515 (1957); Campbell v. Board of Supervisors of Charlotte County, 553 F. Supp. 644, 645 (E.D. Va. 1982) (in Virginia a county and its subdivisions enjoy non-waiverable complete tort immunity for intentional torts).

Further, Virginia Code § 15.2-1248 provides that "[n]o action shall be maintained by any person against a county upon any claim or demand until such person has presented his claim to the governing body of the county." Virginia Code §§ 15.2-1245 through 15.2-1248 set up procedural and jurisdictional prerequisites to an action against the County. Karara v. County of Tazewell, 450 F. Supp. 169 (W.D. Va. 1978), aff'd, 601 F.2d 159 (4th Cir. 1979). They provide the exclusive procedure for litigating state law claims against a county. Mansoor v. County of Albemarle, 124 F. Supp.2d 367, 381 (W.D. Va. 2000). Failure to allege compliance with these statutes is fatal to an action against a county. Id.

The Plaintiff does not allege compliance with Virginia Code §§ 15.2-1245 through 15.2-1248, nor did she in fact comply with these statutes. Accordingly, this Court lacks jurisdiction over Plaintiff's claims against the County.

### III. CONCLUSION

Counts II and III of the Amended Complaint should be dismissed as against Arlington County because: 1) the County cannot be held liable for the actions of a Virginia magistrate, who is not appointed or controlled by the County; 2) the only facts alleged regarding the obtaining of the search warrant are that it was obtained by a Prince William County police officer, not any Arlington employee and therefore any supposed Arlington County policy could not have been the "moving force" behind the procurement of the warrant; and 3) the Amended Complaint does not contain sufficient factual allegations to properly allege the existence of any unconstitutional Arlington County policy or practice. Count IV should be dismissed as it is barred by the

County's sovereign immunity and due to Plaintiff's failure to comply with mandatory,

jurisdictional prerequisites to suit.

>COUNTY OF ARLINGTON
>ARLINGTON POLICE DEPARTMENT
>
>By Counsel

Stephen A. MacIsaac, County Attorney
Virginia Bar #21130


_____/s/_____
Ara L. Tramblian, Deputy County Attorney
Virginia Bar # 24350
Attorney for Defendants Arlington County,
 Arlington Police Department and Bryk
Arlington County Attorney's Office
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia 22201
(703) 228-3100 (voice)
(703) 228-7106 (fax)
atramblian@arlingtonva.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas M. Wolf, Esq. and Lisa J. Chadderdon, Esq.
>LeClairRyan
>951 East Byrd Street, 8th Floor
>Richmond, Virginia 21219
>Counsel for Plaintiff
>
>Sarah E. Moffett, Esq.
>LeClairRyan
>225 Reinekers Lane, Suite 700
>Alexandria, Virginia 22314
>Counsel for Plaintiff

M. Alice Rowan, VSB #27056
Assistant County Attorney
1 County Complex Court
Prince William, Virginia  22192
Counsel for Defendants Prince William County and Prince William County Police Department

R. Joseph Sher, Esq.
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Counsel for Defendant Vincent Antignano

and I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Eric Holder, Attorney-General of the United States
Office of the Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
Counsel for Defendants U.S. Department of Justice and the
Federal Bureau of Investigation Joint Terrorism Task Force


                                                       /s/
Ara L. Tramblian, Deputy County Attorney
Virginia Bar # 24350
Attorney for Defendants County of Arlington,
Arlington Police Department and Bryk
Arlington County Attorney's Office
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia 22201
(703) 228-3100 (voice)
(703) 228-7106 (fax)
atramblian@arlingtonva.us