IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| LAURA SENNETT | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 1:09-cv-1063 (TSE/IDD) ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS PRINCE WILLIAM COUNTY AND PRINCE WILLIAM COUNTY POLICE DEPARTMENT**

COME NOW THE DEFENDANTS, PRINCE WILLIAM COUNTY (and, to the extent it is sued, the PRINCE WILLIAM COUNTY POLICE DEPARTMENT), by counsel, in response to Counts II, III and IV of plaintiff Laura Sennett's Amended Complaint, and pursuant to Federal Rules of Civil Procedure 12(b)(6), submits its Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Complaint, for failure to state a claim for which relief may be granted.

**I. Background**

This Amended Complaint arises out of plaintiff Laura Sennett's claims of unreasonable search and seizure in violation of her rights under the Privacy Protection Act of 1980, 42 U.S.C. Section 2000aa *et seq.*, and the First and Fourth Amendments to the United States Constitution as applied through Title 42 U.S.C., Section 1983. She also asserts a state law claim of intentional infliction of emotional distress. She seeks

1

injunctive relief in the form of an order compelling return of property to her, compensatory and punitive damages.

Plaintiff named the Prince William County Police Department in her Complaint, but not in her Amended Complaint. The Police Department is not a legal entity, and should be dismissed from this suit.

## II. Statement of Material Undisputed Facts

Plaintiff claims to be a published photojournalist who, on April 12, 2008, photographed a "protest" in Washington, D.C. relating to a meeting of the International Monetary Fund (IMF). According to Exhibit B of her Amended Complaint, what plaintiff filmed was an attack on the five-star Four Seasons Hotel by masked individuals who threw smoke-generating firecrackers and bags of paint in the lobby and broke a large window. *Ex. B, para. 2-4.* Plaintiff obviously knew the attack was about to take place because she appeared at the hotel lobby at 2:30 a.m., wearing dark clothing like the protesters and ready to film. *Ex. B, para. 1; Amended Complaint, para. 26, 31-33, 52.* Plaintiff admits she fled the violent scene "along with the others" in a cloud of smoke. *Amended Complaint, para. 31, 52.*

Plaintiff alleges that between 2005 and the time of the attack she published material under her pseudonym "Isis." *Amended Complaint, para. 23.* Nowhere does she allege that she has published under her real name or by any description which would establish her actual identity. *Amended Complaint, para. 20-21, 49.* She cites no evidence that she reported on the April 12, 2008 attack or published any photographs during the five months between the "protest" and a September 23, 2008 search of her home. *Amended Complaint, para. 5, 25-27.*

2

Despite the suspicious circumstances of her filming and her shadowy publishing attempts, plaintiff argues that the defendants should have realized that her intentions were benign, should have located a website for "isisimagery.blogspot.com" on the World Wide Web, should have made the connection between the alias "Isis" provided by a confidential informant and the "isisimagery" appearing on the Google and YouTube, and should have concluded that not only were "Isis" and "isisimagery" one and the same, but that plaintiff should be accorded the status of a "published photojournalist" for purposes of the Privacy Protection Act. *Amended Complaint, para. 23, 34.*

The Complaint alleges that on September 22, 2008 Antignano obtained a search warrant for plaintiff's home and car from the Arlington County Circuit Court. *Amended Complaint, para. 27-29; Exhibits A and B.* On September 23, 2008, agents with clothing indicating "FBI" raided plaintiff's Arlington, Virginia home, and searched plaintiff, her son and her home. They seized 26 items including a hard-drive with photographs, 2 computers, several cameras and memory cards. These items have not been returned. Plaintiff claims that to date, she has not been arrested and no criminal charges have been filed against her arising out of the "protest" that she photographed or the search and seizure. *Amended Complaint, para. 35-41.*

### III. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Harrison v. Prince William County*, No. 1:08cv677 (JCC), E.D. Va. 2/10/09; *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Id.; Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Moreover, "the complaint is to be liberally construed in favor

of plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.; Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

### IV. Argument as to County I is reserved.

*Count I.*

Count I alleges violation of the Privacy Protection Act. Plaintiff argues Antignano should have learned from an Internet search that plaintiff was a "photojournalist" who was "reasonably believed to have a purpose to disseminate to the public a...form of public communication...," and by omitting this information from his Affidavit, failed to establish an exception to a statutory prohibition on searches and seizures set out in Title 42 U.S.C. Section 2000aa(a) and (b). *Amended Complaint, para. 44-48.* Plaintiff alleges that Antignano acted "as a PWC employee, and under the supervision of the DOJ and the FBI JTTF, and under color of federal and state law...with intent to violate, or with reckless indifference to, the protections [of the Privacy Protection Act]...by omitting material information about [plaintiff's] profession as a photojournalist from his search warrant Affidavit." *Amended Complaint, para. 61.*

Plaintiff makes no allegations of any direct actions taken by Prince William County and its Police Department ("PWC defendants"). Plaintiff alleges that the PWC defendants are liable on a respondeat superior theory because they employed defendant Detective Antignano, and that Antignano acted at PWC's direction. *Amended Complaint,*

4

*para. 16, 27, 65* ("Antignano was employed as a Detective with the Prince William County Police Department and was assigned to the JTTF's Washington Field Office as a Special Deputy United States Marshal" and he "...signed the warrant in his capacity as a Prince William County Detective...[adding] "PWCPP" next to his signature"). Plaintiff theorizes that Antignano was working both as a PWC detective and as a deputized federal marshal. *Id.*

Prince William County reserves its argument that Count I should be dismissed until such time as additional facts are developed. The Court is referred to the County's Answer and Grounds of Defense, filed herewith, asserting defenses with regard to this count.

## V. Analysis of Counts II and III claims (42 U.S.C. Section 1983)

*Counts II and III fail to state a cause of action against Prince William County.*

Defendant Prince William County (and to the extent it is sued in this Amended Complaint, its Police Department) submits plaintiff's Counts II and III should be dismissed as to the County for failure to state a claim for which relief may be granted.

Count II is a claim under 42 U.S.C. Section 1983 for alleged violation of plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Plaintiff alleges the search of her person and home, and seizure of materials therefrom, was without probable cause because it was based on Antignano's Affidavit, which was based on information "not shown to be current or updated," and "false and misleading." *Amended Complaint, para. 79-81.* Plaintiff alleges that Antignano acted "as law enforcement agent[] under color of federal and state law." *Complaint, para. 77.* Antignano's actions are alleged to result from the "affirmative policies and procedures of

5

the PWC Police Department, or its failure to adequately provide policies and procedures, [by] rubber-stamping warrant requests and [using] affidavits that omit material facts..." *Amended Complaint, para. 87.*

Count III is also a claim under 42 U.S.C. Section 1983, alleging violation of plaintiff's First Amendment rights to freedom of speech, press and association. She alleges the search and seizure constituted a prior restraint in violation of these rights. Plaintiff alleges that Antignano "acted as law enforcement agent[] and agent[] of the JTTF, under color of federal and state law." *Amended Complaint, para. 100.* Plaintiff repeats her allegation that PWC is liable because of its "affirmative policies and procedures of the PWC Police Department, or its failure to adequately provide policies and procedures...[by] rubber-stamping warrant requests and [using] affidavits that omit material facts..." *Amended Complaint, para. 104.*

A local governing body may be sued under Section 1983 when unconstitutional actions are taken in the course of executing a governmental policy or custom. *Harrison v. Prince William County*, No. 1:08cv677 (JCC), E.D. Va. 2/10/09; *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). "Where the constitutional deprivation is not an official act of the municipality...recovery lies only against the officer in his official capacity." *Id.; Moultrie v. Mitchell*, 1995 WL 24891, at *1 (4th Cir., Jan. 18, 1995) (citing *Hughes v. Blankenship*, 672 F.2d 403, 405-05 (4th Cir. 1982).

Here, conclusory allegations are made that Prince William County policy dictated, or failed to dictate, proper techniques for crafting affidavits upon which warrants are based. However, no allegations are made that Prince William County officials knew about Antignano's actions in Arlington, or influenced the state magistrate's decision to

issue a warrant. Under state law, a Prince William County police officer has very limited authority to act outside of his jurisdictional boundary limits. See Va. Code Section 19.2-250. Therefore, any actions alleged to have been taken by Antignano must have been taken under color of federal law. They could not result from Prince William County policy or training, because the County cannot control the actions of an officer operating in another jurisdiction.

Plaintiff makes a conclusory allegation that the County had a practice of "rubber-stamping" affidavits. A single incident cannot establish the existence of a policy of custom. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985). The Amended Complaint provides no examples of other allegedly defective affidavits. Indeed, the faults it assigns to Antignano's affidavit are speculative at best. Plaintiff contends that: (1) Antignano should have located her "blog" on the Internet; (2) he should have "connected the dots" between the alias "Isis" provided by an informant and plaintiff's "blog" identity; (3) her internet publications were sufficient to inform an objectively reasonable police officer of her "photojournalist" profession; (4) having drawn this conclusion, Antignano should have assumed that plaintiff was present at the hotel at 2:30 a.m. with a group of violent protesters merely in her capacity as a photojournalist; (5) her reason for running away with the protesters rather than seeking assistance was innocent; and (6) she intended to publish her work at some unknown time in the future. Such speculative assumptions are insufficient to show a policy, practice or custom of unconstitutional action, particularly given the suspicious nature of plaintiff's actions. At most, the allegations show a one-time failure of one officer to draw the conclusions that plaintiff finds most favorable. A discretionary act of one officer does

7

not form the basis for an unconstitutional policy, custom or practice. See *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999).

A claim for supervisory liability under Section 1983 requires (1) "actual or constructive knowledge of a risk of constitutional injury"; (2) deliberate indifference to that risk"; and (3) "an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Harrison v. Prince William County*, No. 1:08cv677 (JCC), E.D. Va. 2/10/09; *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). A claim for supervisory liability cannot rest on respondeat superior. *Id.* Supervisors can be liable where their "corrective inaction amounts to deliberate indifference or tacit authorization" of "a pervasive and unreasonable risk of harm from some specified source." *Id.* Here, plaintiff's Amended Complaint makes no allegations that Prince William County officials took part in, or even knew of, any of the recited events. No facts are alleged that show indifference on the part of any County official; rather, a fair reading of the Affidavit supports the conclusion that a search and seizure warrant should issue. Therefore, plaintiff's allegations are insufficient to form a basis of liability for constitutional violations. Counts II and III state no cause of action under Section 1983 against Prince William County.

*Count IV fails to state a cause of action against Prince William County.*

Count IV alleges intentional infliction of emotional distress, which is a state tort claim. Plaintiff claims Prince William County is liable under a respondeat superior theory because of defendant Antignano's actions.

Prince William County is a political subdivision of the Commonwealth of Virginia. The County, like the Commonwealth, cannot be sued except in cases where by

8

statute such suits are allowed. *Fry v. County of Albermarle*, 86 Va. 195 (1890). The allegations of Count IV sound entirely in tort. There is no statutory authorization allowing counties to be sued in tort. *Mann v. Arlington County*, 199 Va. 169, 174 (1957); *Campbell v. Board of Supervisors of Charlotte County*, 553 F. Supp. 644, 645 (E.D. Va. 1982). Counties in Virginia have absolute sovereign immunity from tort suits for their negligence and that of their officers and agents. *Obenshain v. Halliday*, 504 F.Supp. 946, 953 (E.D. Va. 1980). For these reasons Count IV of the Amended Complaint fails to state a cause of action against Prince William County and should be dismissed with prejudice.

Further, plaintiff's Amended Complaint fails to allege compliance with Va. Code Sections 15.2-1243 *et seq.*, which set forth the requirements for making a claim against a county. Section 15.2-1243 provides that the governing body or its designee shall receive and audit all claims against the county. Section 15.2-1248 provides that no action shall be maintained by any person against a county upon any claim until such person has presented his claim to the governing body of the county. Section 15.2-1246 provides that a claimant must file written notice of appeal and execute a bond within thirty days after service of the governing body's denial of a claim. Failure to do so is a jurisdictional defect which bars suit against a county. Such failure cannot be corrected after the thirty days has expired. *Burk v. Porter*, 222 Va. 795, 284 S.E.2d 602 (1981); *Karara v. County of Tazewell*, 450 F.Supp. 169 (W.D. Va. 1978), *aff'd*, 601 F.2d 159 (4th Cir. 1979); *Parker v. Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956). The plaintiff does not allege compliance with these code sections. Therefore, the Court lacks subject matter

jurisdiction over Prince William County as to state claims, and the Amended Complaint should be dismissed as against Prince William County with prejudice.

### VI. Prince William County Police Department cannot be sued.

Defendant Prince William County Police Department is merely an arm of Prince William County, and cannot be sued. "In Virginia, an operating division of a government entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued." *Harrison v. Prince William County*, No. 1:08cv677 (JCC), E.D. Va. 2/10/09; *Muniz v. Fairfax County Police Dept.*, 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005) (*citing Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), aff'd 742 F.2d 1448 (4th Cir. 1984); *see also Mobley v. City of Chesapeake*, 2006 WL 4738661, at *3 (E.D. Va. Aug. 30, 2006); *Young v. City of Norfolk*, 62 Va. Cir. 307, 203 WL 21730724, at *2 (Va. Cir. Ct. July 7, 2003). For all these reasons, the Complaint fails to state a claim for relief against PWC and its Police Department.

### Conclusion

Counts II, III and IV of plaintiff's Amended Complaint fail to state a claim for which relief may be granted against Prince William County and its Police Department and should be dismissed pursuant to F.R.C.P. 12(b)(6). The PWC defendants respectfully pray that this Court dismiss these counts of the Amended Complaint as to them with prejudice.

WHEREFORE, defendant Prince William County (and, to the extent it is sued, Prince William County Police Department) prays that this Honorable Court grant its Motion to Dismiss; dismiss plaintiff's Amended Complaint with prejudice; grant the

defendants' attorneys' fees and costs; and for such other and further relief as is just and proper.

> Respectfully submitted,
>
> PRINCE WILLIAM COUNTY AND
> PRINCE WILLIAM COUNTY POLICE
> DEPARTMENT
>
> By Counsel

ANGELA L. HORAN
County Attorney

_____/s/_____
M. Alice Rowan, VSB #27056
Assistant County Attorney
Attorneys for Defendant Prince William County and
Prince William County Police Department
One County Complex Court
Prince William, VA 22192-9201
Phone: (703) 792-6630
Fax: (703) 792-6633
Email: arowan@pwcgov.org

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 1 day of February, 2010, I will electronically file the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Complaint with the Clerk of the Court using the CM/ECF system. Service of the Memorandum will be made electronically upon counsel with indicated email address this date upon the following, and by U.S. mail, first-class postage pre-paid, to those without indicated email address, as follows:

Thomas M. Wolf, Esquire, VSB #18234
LeClair Ryan
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Telephone: (703) 783-2003
Facsimile: (703) 783-2294
Email: Thomas.Wolf@leclairryan.com
Attorneys for Plaintiff Laura Sennett

Sarah E. Moffett, Esquire, VSB 72208
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile: (703) 647-5980
Email: Sarah.moffett@leclairryan.com
Attorneys for Plaintiff Laura Sennett

R. Joseph Sher, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3747
Facsimile: (703) 299-3983
Email: joe.sher@usdoj.gov
Counsel for Detective Vincent Antignano

Ara Tramblian, Esquire
Deputy County Attorney
Office of the County Attorney, Arlington
2100 Clarendon Boulevard, Suite 403
Arlington, VA 22201
Telephone: (703) 228-3100
Telefacsimile: (703) 228-7106
Email: atramblian@arlingtonva.us
Attorneys for Defendants County of Arlington and Detective Jason K. Bryk

The Honorable Eric Holder, Attorney General
U.S. Department of Justice, Office of the Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
Attorneys for Defendants U.S. Department of Justice/FBI JTTF

                                                                        Angela L. Horan, County Attorney
                                                                        /s/
                                                                      M. Alice Rowan, VSB #27056
                                                                        Assistant County Attorney
                                                                        One County Complex Court
                                                                        Prince William, VA 22192-9201
                                                                        Phone: (703) 792-6630
                                                                        Fax: (703) 792-6633
                                                                        Email: arowan@pwcgov.org
                                                                        Attorneys for Defendants
                                                                        Prince William County/ Police Dept.