IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| LAURA SENNETT | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 1:09-cv-1063 (TSE/IDD) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ANSWER TO AMENDED COMPLAINT BY DEFENDANTS PRINCE WILLIAM COUNTY AND PRINCE WILLIAM COUNTY POLICE DEPARTMENT

COMES NOW THE DEFENDANT, PRINCE WILLIAM COUNTY (and, to the extent it is sued, the PRINCE WILLIAM COUNTY POLICE DEPARTMENT), hereafter "Prince William County," by counsel, in response to plaintiff Laura Sennett's Amended Complaint, and files its Answer and Grounds of Defense, as follows.

This Answer is submitted subject to defendant Prince William County's Motion to Dismiss Amended Complaint, previously filed in this matter and incorporated herein as if set forth in its entirety, and preserves all defenses raised in that Motion including without limitation the defenses of qualified and sovereign immunity.

### AFFIRMATIVE DEFENSES

1.     Defendants are entitled to qualified immunity from suit as to the alleged federal law causes of action.

2.     Defendants are entitled to sovereign immunity from suit as to the alleged state law causes of action.

1

3. Prince William County defendants are not liable on a theory of respondeat superior.

4. Prince William County defendants did not control, direct, or have knowledge of the individual defendants' alleged actions.

5. To the extent Prince William County defendants acted at all or had any knowledge of the events alleged, they acted in a reasonable good faith belief that their actions were lawful and constitutional.

6. Prince William County Police Department, which was named in the Complaint but not the Amended Complaint, is not a suable entity.

7. To the extent any allegation of gross negligence is alleged, defendants exercised a degree of care which is sufficient to overcome such allegations.

8. Plaintiff engaged in contributory, reckless, and/or willful and wanton negligence by engaging in actions that she could reasonably foresee would proximately cause any damages allegedly sustained and such negligence bars plaintiff's recovery.

9. Plaintiff voluntarily assumed the risk by engaging in actions that she could reasonably foresee would proximately cause any damages allegedly sustained and such voluntary assumption of the risk bars plaintiff's recovery.

10. Plaintiff deliberately incurred danger of which she was aware or should have been aware and is thus barred from recovery.

11. Plaintiff freely, willingly and voluntarily consented to participate in illegal acts and such acts bar her recovery.

12. No cause of action exists for punitive damages against the Prince William County defendants, who are not alleged to have engaged in any specific conduct relating to the subject matter of the Amended Complaint.

13. The Amended Complaint fails on its face to state a cause of action as to Prince William County defendants, who lack statutory authority to act outside of their jurisdiction and lack the power to control federal, state or other counties' employees or agents.

14. The Prince William County defendants deny any unlawful or unconstitutional policy, practice or custom or deliberate indifference to or affecting plaintiff.

15. Plaintiff failed to make a claim to the Board of County Supervisors in accordance with Virginia Code Sections 15.2-1243, -1244, -1245, -1246, -1247, -1248, and -1249 and therefore is jurisdictionally barred from suit for state statutory or common law claims.

16. To the extent the actions alleged to have been taken by the individual defendants resulted from direction provided by other governmental entities, such direction is a cause which intervenes and supercedes any involvement by the Prince William County defendants.

17. No grounds exist for awarding attorney's fees and costs to plaintiff.

18. One or more causes of action asserted by plaintiff are barred by the statute of limitations.

19. To the extent criminal prosecution is pending or ongoing, the Court should abstain from deciding this matter or should stay this action.

20. Defendant asks leave to assert such other defenses that may be raised by co-defendants and/or that may become apparent during discovery and trial in this case.

## ANSWER

Each numbered paragraph of the Amended Complaint is answered as follows:

1. Admit this is a civil action for damages; the remaining allegations of paragraph 1 contain no statements of fact to which an answer is required; however, to the extent an answer is called for, the allegations are denied.

2. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 2 and therefore they are denied.

3. Admit the parties listed are named as defendants; however, deny that any detectives or agents acted at the direction of Prince William County or its Police Department and deny any detectives or agents acted under color of state authority; deny remaining allegations of paragraph 3.

4. Defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 4 and therefore they are denied.

5. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 5 and therefore they are denied.

6. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 6 and therefore they are denied.

7. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 7 and therefore they are denied.

8. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 8 and therefore they are denied.

9. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 9 and therefore they are denied.

10. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 10 and therefore they are denied.

11. Admit the allegations of paragraph 11.

12. Admit the allegations of paragraph 12.

13. Admit the allegations of paragraph 13.

14. State affirmatively that Prince William County is a political subdivision of the Commonwealth of Virginia; deny that the Prince William County Police Department is the same legal entity as Prince William County; deny that said Police Department is a legal entity.

15. State affirmatively that Arlington County is a political subdivision of the Commonwealth of Virginia; deny that the Arlington Police Department is the same legal entity as Arlington County; deny that said Police Department is a legal entity.

16. Admit that Detective Vincent Antignano is a resident of the Commonwealth of Virginia; admit that Antignano is a Prince William County employee; admit that Antignano was assigned to a federal function; affirmatively state that any actions taken by Antignano while assigned to that federal function took place under the direction and control of the federal government and not under the director or control of Prince William County; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 16 and therefore they are denied.

17. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 17 and therefore they are denied.

18. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 18 and therefore they are denied.

19. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 19 and therefore they are denied.

20. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 20 and therefore they are denied.

21. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 21 and therefore they are denied.

22. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 22 and therefore they are denied.

23. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 23 and therefore they are denied.

24. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 24 and therefore they are denied.

25. Defendants admit that plaintiff was present and took photographs at a Washington D.C. protest; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 25 and therefore they are denied.

26. Deny the allegations of paragraph 26.

27. Admit that a Search Warrant is submitted as plaintiff's Exhibit A; deny that defendant Antignano acted in a capacity as a Prince William County employee or agent; deny that defendant Antignano was working as a Prince William County detective;

affirmatively state that Virginia law does not authorize County police officers to act in their capacities as County police officers outside of their jurisdictional boundaries; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 27 and therefore they are denied.

28. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 28 and therefore they are denied.

29. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 29.

30. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 30.

31. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 31 and therefore they are denied.

32. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by

defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 32 and therefore they are denied.

33. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 33 and therefore they are denied.

34. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; affirmatively state that nothing described by plaintiff would be sufficient to alert a reasonable person that plaintiff claimed to be a photojournalist or the nature of her alleged specialty; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 34 and therefore they are denied.

35. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 35 and therefore they are denied.

36. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 36 and therefore they are denied.

37. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 37 and therefore they are denied.

38. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 38 and therefore they are denied.

39. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 39 and therefore they are denied.

40. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 40 and therefore they are denied.

41. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 41 and therefore they are denied.

42. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 42 and therefore they are denied.

43. The allegations of paragraph 43 are denied.

44. The answers to the preceding paragraphs are incorporated herein.

45. The allegations of paragraph 45 are denied.

46. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 46.

47. The allegations of paragraph 46 are denied.

48. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 48.

49. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit;

defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 49.

50. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 50 and therefore they are denied.

51. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 51 and therefore they are denied.

52. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 52.

53. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 53.

54. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 54.

55. Admit that Exhibits A and B are submitted with plaintiff's Amended Complaint; defendants do not dispute the truth or accuracy of a sworn Affidavit by

defendant Antignano if, indeed, Exhibits A and B reflect such sworn Affidavit; defendants deny any violation of plaintiff's rights and deny the remaining allegations of paragraph 55.

56. The allegations of paragraph 56 are denied.

57. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 57 and therefore they are denied.

58. Deny that a Virginia county can be liable under a theory of respondeat superior; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 58 and therefore they are denied.

59. The allegations of paragraph 59 are denied.

60. Deny that a Virginia county can be liable under a theory of respondeat superior; the remaining allegations of paragraph 60 are denied.

61. Deny that defendant Antignano acted in his capacity as a Prince William County employee or that he acted under color of state law; deny the remaining allegations of paragraph 61.

62. Deny that defendant Antignano acted in his capacity as a Prince William County employee or that he acted under color of state law; deny the remaining allegations of paragraph 62.

63. Deny that a Virginia county can be liable under a theory of respondeat superior; the remaining allegations of paragraph 63 are denied.

64. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 64 and therefore they are denied.

65. Deny that defendant Antignano acted in his capacity as a Prince William County employee or that he acted under color of state law; deny the remaining allegations of paragraph 65.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 69 and therefore they are denied.

70. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 70 and therefore they are denied.

71. The allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 are denied.

73. The answers to the preceding paragraphs are incorporated herein.

74. Admit this is a civil action for damages; the remaining allegations of paragraph 74 contain no statements of fact to which an answer is required; however, to the extent an answer is called for, the allegations are denied.

75. The allegations of paragraph 75 are denied.

76. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 76 and therefore they are denied.

77. Deny that defendant Antignano acted under color of state law; defendants are without knowledge or information sufficient to answer the allegations of paragraph 77 and therefore they are denied.

78. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 78 and therefore they are denied.

79. The allegations of paragraph 79 are denied.

80. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 80 and therefore they are denied.

81. The allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 are denied.

84. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 84 and therefore they are denied.

85. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 85 and therefore they are denied.

86. Affirmatively state that Prince William County is responsible for the policies and procedures of County employees who are working in their capacity as Prince William County employees; affirmatively state that during all times relevant to the Amended Complain, defendant Antignano was not working in his capacity as a Prince William County employee; the remaining allegations of paragraph 86 are denied.

87. The allegations of paragraph 87 are denied.

88. Deny any violation of plaintiff's rights; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 88 and therefore they are denied.

89. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 89 and therefore they are denied.

90. The allegations of paragraph 90 are denied.

91. The allegations of paragraph 91 are denied.

92. The allegations of paragraph 92 are denied.

93. The answers to the preceding paragraphs are incorporated herein.

94. Admit this is a civil action for damages; the remaining allegations of paragraph 94 contain no statements of fact to which an answer is required; however, to the extent an answer is called for, the allegations are denied.

95. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 95 and therefore they are denied.

96. Deny that any of plaintiff's rights were violated; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 96 and therefore they are denied.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

99. The allegations of paragraph 99 are denied.

100. Deny that defendant Antignano acted under color of state law; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 100 and therefore they are denied.

101. Admit that Arlington County has responsibility for the policies and procedures of its employees to the extent they act in their capacity as Arlington County employees; the remaining allegations of paragraph 101 are denied.

102. Deny that any of plaintiffs rights were violated; defendants are without knowledge or information sufficient to answer the remaining allegations of paragraph 102 and therefore they are denied.

103. Admit that Prince William County has responsibility for the policies and procedures of its employees to the extent they act in their capacity as Prince William County employees; the remaining allegations of paragraph 103 are denied.

104. Deny that any of plaintiff's rights were violated; deny that defendant Antignano or any other individual was acting in their capacity as a Prince William County employee during the events alleged in the Amended Complaint; the remaining allegations of paragraph 104 are denied.

105. Defendants are without knowledge or information sufficient to answer the allegations of paragraph 105 and therefore they are denied.

106. The allegations of paragraph 106 are denied.

107. The allegations of paragraph 107 are denied.

108. The allegations of paragraph 108 are denied.

109. The answers to the preceding paragraphs are incorporated herein.

110. Admit this is a civil action for damages; the remaining allegations of paragraph 110 contain no statements of fact to which an answer is required; however, to the extent an answer is called for, the allegations are denied.

111. The allegations of paragraph 111 are denied.

112. The allegations of paragraph 112 are denied.

113. The allegations of paragraph 113 are denied.

Any allegations contained in the Complaint or Amended Complaint not addressed above are denied. Further, defendants deny that plaintiff is entitled to any relief whatsoever.

WHEREFORE, defendant Prince William County (and, to the extent it is sued, Prince William County Police Department) prays that this Honorable Court dismiss plaintiff's Amended Complaint with prejudice; grant the defendants' attorneys' fees and costs; and for such other and further relief as is just and proper.

>Respectfully submitted,
>
>PRINCE WILLIAM COUNTY and
>PRINCE WILLIAM COUNTY POLICE
>DEPARTMENT
>
>By Counsel

ANGELA L. HORAN
County Attorney
_____/s/_____
M. Alice Rowan, VSB #27056
Assistant County Attorney
Attorneys for Defendant Prince William County and
Prince William County Police Department
One County Complex Court
Prince William, VA 22192-9201
Phone: (703) 792-6630
Fax: (703) 792-6633
Email: arowan@pwcgov.org

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 1 day of February, 2010, I will electronically file the foregoing Answer to Amended Complaint with the Clerk of the Court using the CM/ECF system. Service of the Answer will be made electronically upon counsel with indicated email address this date upon the following, and by U.S. mail, first-class postage pre-paid, to those without indicated email address, as follows:

Thomas M. Wolf, Esquire, VSB #18234
LeClair Ryan
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Telephone: (703) 783-2003
Facsimile: (703) 783-2294
Email: Thomas.Wolf@leclairryan.com
Attorneys for Plaintiff Laura Sennett

Sarah E. Moffett, Esquire, VSB 72208
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile: (703) 647-5980
Email: Sarah.moffett@leclairryan.com
Attorneys for Plaintiff Laura Sennett

R. Joseph Sher, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3747
Facsimile: (703) 299-3983
Email: joe.sher@usdoj.gov
Counsel for Detective Vincent Antignano

Ara Tramblian, Esquire
Deputy County Attorney
Office of the County Attorney, Arlington
2100 Clarendon Boulevard, Suite 403
Arlington, VA 22201
Telephone: (703) 228-3100
Telefacsimile: (703) 228-7106
Email: atramblian@arlingtonva.us
Attorneys for Defendants County of Arlington and Detective Jason K. Bryk

The Honorable Eric Holder, Attorney General
U.S. Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
Attorneys for Defendants U.S. Department of Justice
And Federal Bureau of Investigation Joint Terrorism Task Force

                                              Angela L. Horan
                                              County Attorney
                                              _____/s/_____
                                              M. Alice Rowan, VSB #27056
                                              Assistant County Attorney
                                              One County Complex Court
                                              Prince William, VA 22192-9201
                                              Phone: (703) 792-6630
                                              Fax: (703) 792-6633
                                              Email: arowan@pwcgov.org
                                              Attorneys for Defendants
                                              Prince William County and
                                              Prince William County Police
                                              Department

MAR: police / sennett/ answer to amended complaint