IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAURA SENNETT )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, *et al.*, )<br>)<br>      Defendants. ) | Civil Action No. 1:09-cv-1063 |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS COUNTY OF ARLINGTON AND ARLINGTON POLICE DEPARTMENT MOTION TO DISMISS COUNTS II-IV OF THE AMENDED COMPLAINT**

Laura Sennett ("Sennett"), by counsel, respectfully submits this Memorandum in Opposition to Defendant Arlington County's Motion to Dismiss Counts II-IV in Sennett's Amended Complaint. For the reasons set forth below, Sennett requests that this Court deny Arlington County's Motion as to Counts II-III.

### I.    INTRODUCTION

This Court should deny Arlington County's Motion to Dismiss Counts II and III because: (1) Sennett has pled specific facts in support of her claims in Counts II and III for which relief may be granted; (2) Arlington County police officers under the guidance of Arlington County policies, procedures, and customs executed of a search warrant that they knew or should have known to be unreasonable; (3) while a single incident cannot establish existence of a policy or custom, it is enough to survive a Motion to Dismiss, and furthermore, the nature of the incident supports a likelihood of an Arlington County policies or customs of rubber-stamping warrant requests, of utilizing affidavits that omit material facts in order to obtain search warrants, of not requiring proper inquiry into requests for search warrants and supporting affidavits, and/or a

failure to have a policy requiring that affidavits supporting search warrants include all material facts.

## II.   FACTS

Sennett is a published photojournalist, specializing in the coverage of demonstrations, protests, and grassroots activism, who, since 2005, frequently publishes her photographs under the pseudonym "Isis."  *See* Amended Complaint at ¶¶ 19, 21, 23.  Sennett's work has been published in numerous prominent publications, including but not limited to the *Toronto Free Press*, Cable News Network ("CNN"), The History Channel, and *Radar Magazine*.  *See* Amended Complaint at ¶ 22.

On April 12, 2008, in her capacity as a photojournalist, Sennett attended, covered, and photographed a protest of the International Monetary Fund's annual spring meeting in Washington, D.C. with the purpose of taking photographs of the protest and protesters for publication.  *See* Amended Complaint at ¶¶ 25-26.

On September 23, 2008, Detective Vincent Antignano ("Antignano") of the PWC Police Department, Detective Jason Bryk ("Bryk") of the Arlington County Police Department, and approximately 10 other unknown officers of the PWC and Arlington County Police Departments ("Agents") raided Sennett's home in Arlington, Virginia.  *See* Amended Complaint at ¶ 35.  They tore her house apart during the search, leaving it completely trashed when they departed.  *Id*.  Not only did the Agents invade Sennett's privacy, but they destroyed her ability to make a living, seizing her work product in the form of more than seven-thousand (7,000) photos, two computers, several cameras, and camera equipment among other things.  *See* Amended Complaint at ¶ 36.  During the raid, at least three Agents, including Antignano and Bryk, told Sennett that they knew she was a photojournalist.  *See* Amended Complaint at ¶ 50.  One of the

agents even told Sennett that he had seen some of her published photographs of the Republican National Convention, which were published in several media outlets. *See* Amended Complaint at ¶ 51.

The raid on Sennett's house was conducted presumably pursuant to a warrant based on the affidavit of a PWC detective describing alleged criminal activity in Washington, D.C., procured from the Arlington County Circuit Court, citing two Virginia criminal statutes. *See* Amended Complaint Exhibits A and B. The issuance of the warrant was based on information asserted in a sworn affidavit submitted to the Arlington County Circuit Court by PWC Detective Antignano ("Affidavit"). *See* Amended Complaint Exhibit B. Antignano's Affidavit referenced alleged criminal activity in Washington, D.C., although the warrant cites Virginia criminal statutes, by individuals in identity-concealing attire. *Id.* The affidavit does *not* assert that Sennett was involved in the criminal activity that occurred; in fact, it makes clear that Sennett was not wearing identity-concealing attire like the individuals involved in the alleged criminal activity and notes that she was videotaping/photographing the events. *Id.* Furthermore, Antignano's Affidavit admitted that the JTTF knew Sennett went by the name "Isis" and had performed Internet searches for information on Sennett. *Id.* Such searches would reveal that Sennett was a photojournalist who specialized in photographing protests. Although he admittedly knew that Sennett was a known photojournalist specializing in photographing protests, Antignano failed to state this in his Affidavit. Arlington County Detective Bryk is of the JTTF, which investigated the incident detailed in Antignano's Affidavit. *See* Amended Complaint at ¶ 17.

No criminal charges have been filed against Sennett in connection with the September 23, 2008, search and seizure. *See* Amended Complaint at ¶ 40. The materials seized by the Agents

constituted Sennett's entire stock of digital photographs, including all of her professional work product and nearly all of the equipment she needed in order to maintain her profession as a photojournalist. *See* Amended Complaint at ¶ 37. Despite repeated requests to do so, Defendants have refused to return any of the seized materials. *See* Amended Complaint at ¶ 38. As a result of Defendant's refusal to return Sennett's seized work equipment and work product, Sennett has been unable to continue with or maintain her profession as a photojournalist. *See* Amended Complaint at ¶ 39.

### III.    STANDARD OF REVIEW UNDER 12(b)(6)

In considering a motion to dismiss, the Court should assume the veracity of well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009). Moreover, the complaint is to be construed liberally construed in favor of the plaintiff and assessed in light of Rule 8's liberal pleading standards. *Harrison v. Prince William County Police Dep't*, 640 F. Supp. 2d 688, 699 (E.D. Va. 2009) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). A claim is plausible on its face when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Likewise, a complaint will fail if it only tenders "'naked assertion[s] devoid of 'further factual enhancements.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Thus, the plaintiff's Amended Complaint should be dismissed only if Defendant Arlington County can show that the plaintiff has pled no facts in support of her claims. Here the defendant has not met this burden.

## IV.  ARGUMENT

**A. Sennett has Pled Specific Facts that Support Her Claims Under 42 U.S.C. § 1983 that Arlington County Violated her First and Fourth Amendment Rights.**

Count II is a claim under 42 U.S.C. § 1983 for violation of Sennett's Fourth Amendment right to be free from unlawful searches and seizures.  Count III is a claim under 42 U.S.C. § 1983 for violation of Sennett's First Amendment rights to freedom of speech, freedom of the press, and freedom of association.

Municipal entities, including counties, "do not enjoy absolute immunity under the Eleventh Amendment," *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 398 (4th Cir. 1990), but may be sued under § 1983 for violating a person's constitutional rights where the violation results from a "municipal policy or custom." *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987), *see generally Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  While a municipal policy is most readily found in its ordinances and regulations, "it may also be found in formal or informal ad hoc 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy."  *Spell v. McDaniel*, 824 F.2d 1280, 1385 (4th Cir. 1987).  Municipal custom or usage may also serve as a basis for the imposition of municipal liability and the existence of such a custom "may be found in 'persistent and widespread . . . practice of [municipal] officials [which] although not authorized by written law, [are] so permanent and well settled as to [have] the force of law."  *Gedrich v. Fairfax County Dep't of Family Servs.*, 282 F. Supp. 2d 439, 472 (E.D. Va. 2003) (citing *Spell*, 824 F.2d at 1386).

The claims in Counts II and III are based on Arlington County's (as it has responsibility for the policies and procedures of the detectives of Arlington County Police Department) affirmative polices, procedures, and customs or its failure to adequately provide policies and procedures.  This includes but is not limited to a policy of rubber-stamping warrant requests, a

policy of utilizing affidavits that omit material facts in order to obtain search warrants, a policy not to require proper inquiry into requests for search warrants and their supporting affidavits, and failure to have a policy requiring that affidavits supporting search warrants include all materials.

In her Amended Complaint, Sennett affirms that Arlington County Detective Bryk stated during the September 23, 2008 raid that he knew that she was a photojournalist.  *See* Amended Complaint at ¶ 50. Additionally, Antignano admits in his affidavit that the JTTF, of which Detective Bryk and other Arlington County police officers were appointed to, knew that Sennett goes by the name "Isis," that she was present at a number of other protests with a camera, and that Internet searches, including Google and Yahoo, were performed of Sennett.  *See* Amended Complaint Exhibit B.  These Internet searches would have revealed Sennett's blog maintained under the name the JTTF members knew her by at this point, "Isis," which shows her to be a photojournalist.  No where in Antignano's affidavit does he state that Sennett was on April 12, 2008, or at any other time, involved in any criminal activity associated with any of these protests. More importantly, no where in Antignano's affidavit does he state that Sennett was a photojournalist, knowingly omitting material evidence that would make such a warrant invalid. Additionally, Antignano, signs that search warrant which cites violations of two Virginia state laws, despite knowing that the alleged criminal activity described in his affidavit took place in Washington, D.C.  *See* Amended Complaint Exhibit A.

As a result of these material omissions and misstatements, Sennett suffered through a dozen PWC and Arlington County Agents trashing her house and seizing nearly all of her work product, computers, cameras, and equipment.

### B. Arlington County Police Officers Were Involved In the Execution of a Search Warrant that They Knew or Should Have Known to be Unreasonable.

The defendant argues that Arlington County cannot be held liable for the actions of a Virginia magistrate appointed by the Supreme Court of Virginia, and that otherwise the facts do not allege that any other Arlington County officer was involved in the procurement of the search warrant. *See* Def.'s Memo. at p. 4-5. While this may be true, it does not address the facts stated that Arlington County police officers executed the search warrant when at least one Arlington County detective knew or should have known that the warrant was unfounded. As stated above, in her Amended Complaint, Sennett affirms that Arlington County Detective Bryk stated during the September 23, 2008 raid that he knew that she was a photojournalist. *See* Amended Complaint at ¶ 50.

Under Virginia law, a search warrant may only be directed to any law enforcement officer of the county in which the place to searched is located, in this case, Arlington County, or any state law enforcement officer. *See* Va. Code § 19.2-56. A search warrant may be directed jointly to any law enforcement officer of the county or of the state and any of the enumerated Federal law enforcement officers, including the Federal Bureau of Investigation ("FBI"). *Id*. A search warrant may only be executed by the policeman, law-enforcement officer or agent into whose hands it is delivered, whether executed individually or jointly. *Id*. Otherwise, no other persons may be permitted to be present during or participate in the execution of a warrant to search a house except the owners when permitted by the officer in charge of the search and persons designated by the officer in charge of the conduct of the search to assist or provide expertise in the conduct of the search. *Id*.

7

Since only Arlington County police officers and Prince William County police officers, some of which are assigned to the FBI Joint Terrorism Task Force, were present at the execution of the search warrant, the search warrant could only be directed to one or more of the Arlington County police officers or directed jointly to one or more of the Arlington County police officers and any federal law enforcement officer(s).  Therefore, Arlington County policies, procedures, and customs (as it is responsible for the policies, procedures, and customs of Arlington County Police Department) dictated the execution of a search warrant that at least once of its detectives admittedly knew or should have known was obtained improperly.

### C. Arlington County Police Officers' Disregard for Sennett's Constitutional Rights Tends to Show a Likelihood of an Arlington County Custom or Policy that Violates § 1983.

Defendants argue that a single incident cannot establish the existence of a policy or custom.  *See* Def's Memo. at pg. 5.  The Fourth Circuit has found an argument such as the defendants, that an isolated incident is insufficient to prove the existence of an official policy or custom, is "premature . . . and thus unpersuasive" on a motion to dismiss.  *Gedrich v. Fairfax County Dep't of Family Servs.*, 282 F. Supp. 2d 439, 472 (E.D. Va. 2003) (citing *Jordan v. Jackson*, 15 F.3d 333, 337 (4th Cir. 1994)).

The Fourth Circuit has held that to withstand a motion to dismiss under Rule 12(b)(6), plaintiffs must allege *no more* than one incident of misconduct, which Sennett has done.  *Id*. (emphasis added). Plaintiff need not detail the facts underlying their claims or plead the multiple incidents of constitutional violation necessary at later stages to establish the existence of an official policy or custom and causation.  *Id*.  She must only comply with the "usual requirements of notice pleading specified by the Federal Rules."  *Id*. (citing Jordan, 15 F.3d at 339 n.24).

Sennett has adequately complied with requirements of notice pleading and sufficiently alleged one incident of misconduct by Defendant Arlington County in its officers' knowingly executing of a search warrant based on material omissions.  Given the nature of this incident, it is likely that similar incidents exist; however, likelihood is not even required at this stage.[1]

## V.   CONCLUSION

Arlington Counties affirmative policies, procedures, and customs, or its failure to adequately provide policies and procedures, caused at least one of its own detectives to execute a search warrant under his authority as an Arlington County detective that he knew or should have known to be unreasonable.

For the foregoing reasons, Sennett respectfully requests this Court to deny Defendant Arlington County's Motion to Dismiss Counts II-III in Sennett's Amended Complaint.

                Respectfully submitted,

                LAURA SENNETT


                By: _____/s/_____
                    Thomas M. Wolf, Esq. (VSB 18234)
                    LeClairRyan
                    951 East Byrd Street, 8th Floor
                    Richmond, Virginia 23219
                    Phone:  804-783-2003
                    Fax:  804-783-2294
                    Tom.Wolf@LeClairRyan.com

---

[1] Plaintiff has not addressed herein the argument regarding Count IV because she has simultaneously moved to dismiss that count under Rule 41(a)(2).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

Eric Holder
Attorney General of the United States
U.S. Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
*Counsel for U.S. Department of Justice, Eric Holder and*
*The Federal Bureau of Investigation Joint Terrorism Task Force*

Ara L. Tramblian, Deputy County Attorney
Office of County Attorney
2100 Clarendon Blvd., Suite 403
Arlington, Virginia 22201
*Counsel for County of Arlington and Detective Jason K. Bryk*

M. Alice Rowan
Assistant County Attorney
Prince William County
1 County Complex Court
Prince William, Virginia 22102
*Counsel for Prince William County*

R. Joseph Sher
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, Virginia 22314
*Counsel for Detective Vincent Antignano*

_____/s/_____
Thomas M. Wolf (Va. Bar No. 18234)
LeClairRyan, A Professional Corporation
951 E. Byrd Street, 8th Fl.
Richmond, Virginia 23219
Telephone: (703) 783-2003
Facsimile: (703) 783-2294
Thomas.Wolf@leclairryan.com
*Counsel for Laura Sennett*